UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BEN F. CLARK, an individual<br><br>    Plaintiff,<br><br>v.<br><br>GARY CAMPBELL, an individual, ALEX RANGEL, an individual, LANDER COUNTY, a political subdivision of the State of Nevada, and HUMBOLDT COUNTY, a political subdivision of the State of Nevada, KYLE NEGUS, an individual,<br><br>    Defendants.<br>_____/ | Case No.: 3:14-CV-00333-LRH-VPC<br><br>STIPULATION AND ORDER TO EXTEND PAGE LIMIT FOR DISPOSITIVE MOTIONS |

COMES NOW, the parties, including PLAINTIFF, BEN F. CLARK and DEFENDANTS, GARY CAMPBELL, ALEX RANGEL, LANDER COUNTY, HUMBOLDT COUNTY and KYLE NEGUS, by and through their respective counsel of record, and hereby submit this stipulation and proposed order to extend the page limit for Defendants' comprehensive Motion for Summary Judgment (due to be filed tomorrow), Plaintiff's Response, and Defendant's Reply, by an additional ten pages each.

1

Local Rule 7-4 places a limit upon the number of pages of a motion for summary judgment, its opposition, and the reply. However, the Court has the authority to grant relief from the mandates of this rule. *See, Gennock v. Warner-Lambert Co.*, 208 F. Supp. 2d 1156, 1158 (D. Nev. 2002) (the Court retains the authority to modify or relax LR 7-4 to allow a party's motion to remain intact, especially considering critical arguments will be contained in the excess pages). Although the rule does not specify the grounds upon which relief is allowed, the parties believe that the "good cause" standard associated with other pleading rules would be applicable because Defendants' anticipated motion for summary judgment will seek to have Plaintiff's entire case decided in Defendants' favor as a matter of law.

Generally speaking, the undersigned defense counsel is loathe to request additional pages for dispositive motions, and had initially intended to keep the instant motion within 30 pages. Due to the circumstances of this specific litigation, however, that has proved impossible. Plaintiff's Second Amended Complaint (#38) alleges 17 separate causes of action against five separate defendants, including three individual deputies and two county sheriff departments. The 17 causes of action include federal and state claims as follows:

1. Fourth Amendment Use of Force, 42 USC Section 1983 (Shooting, Rangel and Campbell);
2. Fourth Amendment Use of Force, 42 USC Section 1983 (Taser application, Rangel only);
3. First and Second Amendment Retaliation, 42 USC Section 1983 (Rangel and Campbell);
4. Fourth Amendment Use of Force, 42 USC Section 1983 (Less lethal rounds, Rangel, Campbell and Negus);
5. Intentional Infliction of Emotional Distress (Rangel, Campbell and Negus);
6. Trespass (Rangel and Campbell);
7. Vicarious liability via *Respondeat Superior* for State Torts (Lander and Humboldt Counties);
8. Municipal liability via final policymaker *Monell* claim, 42 USC Section 1983 (Lander and Humboldt Counties);

|   |   |   |
|---|---|---|
| 9. | | Negligent Supervision/Retention (Lander County for failure to exercise reasonable care in supervision/retention for Rangel and Campbell); |
| 10. | | Conspiracy for unlawful arrest with Hughes (Rangel and Campbell); |
| 11. | | Arrest without probable cause (Rangel and Campbell); |
| 12. | | False Arrest (Rangel and Campbell); |
| 13. | | False Imprisonment (Rangel and Campbell); |
| 14. | | Malicious Prosecution (State) and Malicious Prosecution Plus (42 USC § 1983) (Rangel, Campbell and Lander County); |
| 15. | | Trespass (Rangel and Campbell); |
| 16. | | False Arrest (Rangel and Campbell); and |
| 17. | | False Imprisonment (Rangel and Campbell). |

Since the allegations and required legal analysis span the breadth of the Bill of Rights, Defendants unfortunately are unable to address each of the causes of action within the 30-page limit. Defendants' Motion, in final form, is 40 pages. The discovery in this case generated a great deal of information, including approximately 3,500 pages of documents, eight depositions, and opposing expert reports. The parties respectfully submit that the volume of documents produced in discovery and extent of deposition testimony is indicative of the need for additional pages to properly set forth a motion for summary judgment, opposition, and reply.

///
///
///
///
///
///
///
///
///

3

    Defendants' counsel has made a concerted effort to refine the to limit the papers to only necessary, relevant, and admissible information, but the factual issues and legal claims could not be properly briefed in that limited space due to the fact that the undersigned counsel represents all Defendants. As such, Defendant has requested – and Plaintiff has agreed to – an expansion of the page-limit rule for Defendants' Motion for Summary Judgment to a maximum of 40 pages, with a reciprocal extension to 40 pages for Plaintiff's opposition brief, and a reply brief not to exceed 30 pages.

    DATED this 27th day of August, 2015.

ERICKSON, THORPE & SWAINSTON, LTD.

/s/ Brent Ryman
BRENT L. RYMAN, ESQ. (#008648)
ERICKSON, THORPE & SWAINSTON, LTD.
99 West Arroyo Street
P.O. Box 3559
Reno, Nevada 89505
Telephone: (775) 786-3930
*Attorneys for Defendants*

    DATED this 27th day of August, 2015.

CAVANAUGH-BILL LAW OFFICE, LLC

/s/ Julie Cavanaugh-Bill
JULIE CAVANAUGH-BILL, ESQ.
401 Railroad Street, Ste 307
Elko, NV 89801
(775) 753-4357
*Attorneys for Plaintiff*

## **ORDER**

IT IS SO ORDERED.

DATED this 28th day of August, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE